<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ : | | |
| MELVINA MCCLAIN, : | | Civil Action No. 03-1218 (SRC) |
| Petitioner, : | | |
| : | | |
| v. : | | **O P I N I O N** |
| : | | |
| CHARLOTTE BLACKWELL, et al., : | | |
| : | | |
| Respondents. : | | |
| _____ : | | |

**APPEARANCES:**

> MELVINA MCCLAIN, #12884/SBI 364640B, Petitioner <u>Pro</u> <u>Se</u>
> Edna Mahan Correctional Facility
> P.O. Box 4004
> Clinton, New Jersey  08009-4004

> MICHAEL J. WILLIAMS, Deputy Attorney General
> PETER C. HARVEY, Attorney General of New Jersey
> Division of Criminal Justice Appellate Bureau
> P.O. Box 086
> Trenton, New Jersey 08625-0086
> Attorneys for Respondents

<u>**CHESLER, DISTRICT JUDGE**</u>

Melvina Mclain ("McClain"), currently confined at the Edna Mahan Correctional

Facility in Clinton, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254(a), raising several grounds for relief.  The State filed an Answer opposing the Petition,

accompanied by relevant portions of the State court proceedings.  For the reasons expressed

below, the Court will dismiss the Petition as untimely and decline to issue a certificate of

appealability.

## I.  BACKGROUND

On August 18, 1989, Petitioner was sentenced to a term of thirty years imprisonment

without eligibility for parole for purposeful and knowing murder and five years imprisonment for

unlawful possession of a weapon, concurrent with the murder sentence. (Petition, Paragraphs 3-4;

Answer, Paragraphs 3-4 and Exhibit Ra. 4-Opinion of the New Jersey Appellate Division in State

v. McClain, 248 N. J. Super. 409 (App. Div. 1991)).  The New Jersey Appellate Division

affirmed Petitioner's conviction on May 23, 1991 and the New Jersey Supreme Court denied

certification on July 19, 1991.  (Id.; see also Answer, Ex. Ra 7.)  Petitioner's subsequent

application for state post-conviction relief was denied on March 8, 1996; the Appellate Division

affirmed on November 2, 1998, and certification was denied on February 3, 1999.  (Answer,

Affirmative Defense I and Ra 13-16.)  Petitioner dated the current habeas application March 11,

2003. (Id.) See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (pro se habeas petition

deemed filed when delivered to prison officials).

## II.  DISCUSSION

Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act

("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28

U.S.C. § 2244 (d) (1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final
> by the conclusion of direct review or the expiration
> of the time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> © the the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the right
> has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
> ...

28 U.S.C. § 2244 (d) (1).
.

Statutory and Equitable Tolling

The statute of limitations under 28 U.S.C. § 2244 (d) is subject to two tolling exceptions:

statutory tolling and equitable tolling.  Merritt v. Blaine, 326 F.3d 157, 161 93d Cir.), cert. denied,

124 S.Ct 317 (2003) (limitations period is statutorily tolled during the time a "properly filed"

application for state post-conviction review is pending in state court; equitable tolling is a

judicially crafted exception, citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999) ).

The applicable limitations period in Petitioner's case is 28 U.S.C. § 2244 (d) (1) (A).

Petitioner was convicted on August 19, 1989; the conviction was affirmed by the New Jersey

3

Appellate Division on May 23, 1991.  Certification was denied by the New Jersey Supreme Court on July 19, 1991. .

    As Petitioner's route of direct appeal ended before the effective date of the AEDPA on April 24, 1996, McClain's Petition for a writ of habeas corpus would ordinarily have to be filed with the Clerk of this Court by April 24, 1997 in order to be timely under § 2244(d), unless the limitations period was statutorily and/or equitably tolled.  See Miller v. Dragovich, 311 F.3d 574, 576 (3d Cir. 2002); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (in cases in which a prisoner's conviction had become final before April 24, 1996, there would be a one-year grace period following the effective date of the AEDPA in which to file a petition for habeas corpus). The record indicates that Petitioner's state post-conviction application was denied in the state trial court on March 8, 1996, and the denial affirmed by the Appellate Division on November 2, 1998. Certification was denied on February 3, 1999.  (Answer, Affirmative Defense I and Ra 13-16.)  At that point, the AEDPA one-year limitations clock began to run.  Petitioner dated the current habeas application March 11, 2003.  Under these facts, the AEDPA's statutory tolling provisions do not prevent this Petition being dismissed as time-barred, as it was filed well after the statute of limitations had expired.

    As noted above, the AEDPA statute of limitations is also subject to equitable tolling. Merritt,  supra; Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Such tolling is applicable

> only when the principle of equity would make
> the rigid application of a limitation period unfair.
> Generally, this will occur when the petitioner
> has in some extraordinary way been prevented
> from asserting his or her rights.  The petitioner
> must show that he or she exercised reasonable

> diligence in investigating and bringing [the]
> claims.  Mere excusable neglect is not sufficient.
> [Id.]

Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, supra, 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).  Petitioner has not  demonstrated that she, in some extraordinary way, was prevented from asserting her rights, mistakenly asserted her rights in the wrong forum, or was misled.  Moreover, after independent review of the record, the Court and can discern no extraordinary circumstances warranting equitable tolling.


Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 © (2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  Id.

As explained above, the Court has concluded that this Petitioner's application is time barred, and that neither the statutory tolling provision nor the doctrine of equitable tolling renders her Petition timely.  The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions.  Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and  no certificate of appealability will issue pursuant to 28 U.S.C. § 2253©.  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.


### III.  CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Habeas Corpus Relief, and declines to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253 ©.

An appropriate Order accompanies this Opinion.


_____ s/ _____
**STANLEY R. CHESLER**
**UNITED STATES DISTRICT JUDGE**


**DATED:  October 27,  2005**

———